### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
### Richmond Division

In re: **Michael John Star,**                              **Case No. 06-30571-DOT**
      aka **Michael John McEvily,**                    **Chapter 7**
      **Debtor.**

---

**Michael John Star,**
    **Plaintiff**

**v.**                                                    **Adv. Pro. No.  07-03124-DOT**

**Department of Education**
**[United States Department of Education],**
    **Defendant**

---

**Michael John Star,**
    **Plaintiff**

**v.**                                                    **Adv. Pro. No. 07-03125-DOT**

**Virginia Department of Social Services,**
**Division of Child Support Enforcement**
    **Defendant**

---

**Michael John Star,**
    **Plaintiff**

**v.**                                                    **Adv. Pro.  No. 07-03127-DOT**

**West Virginia Department of Health and**
**Human Service, Bureau of Child Support**
**Enforcement,**
    **Defendant**

---

**Michael John Star,**
    **Plaintiff**

**v.**                                                    **Adv. Pro. No. 07-03128-DOT**

**Virginia Department of Taxation,**
    **Defendant**

---

**Michael John Star,**
      **Plaintiff**

**v.**                                   **Adv. Pro. No. 07-03129-DOT**

**Internal Revenue Service**
**[United States Internal Revenue Service],**
      **Defendant**

---

**Michael John Star,**
      **Plaintiff**

**v.**                                   **Adv. Pro. No. 07-03138-DOT**

**N. Todd Watson** and **Aga Honorkiewicz,**
      **Defendants**

---

**Michael John Star,**
      **Plaintiff**

**v.**                                   **Adv. Pro. No. 07-03139-DOT**

**Roanoke District Court**
**[United States District Court,**
**Western District of Virginia],**
      **Defendant**

---

**Michael John Star,**
      **Plaintiff**

**v.**                                   **Adv. Pro. No. 07-03140-DOT**

**Alexandria District Court**
**[United States District Court,**
**Eastern District of Virginia],**
      **Defendant**

---

**Michael John Star,**
      **Plaintiff**

v.                                                      Adv. Pro. No.  08-03030-DOT

**Fourth Circuit Court of Appeals**
**[United States Court of Appeals,**
**Fourth Circuit],**
        **Defendant**
_____

**Michael John Star,**
        **Plaintiff**

v.                                                      Adv. Pro. No. 08-03031-DOT

**Prince William County Circuit Court,**
        **Defendant**
_____

**Michael John Star,**
        **Plaintiff**

v.                                                      Adv. Pro. No. 08-03032-DOT

**Virginia Court of Appeals,**
        **Defendant**
_____

**Michael John Star,**
        **Plaintiff**

v.                                                      Adv. Pro. No. 08-03033-DOT

**Fairfax County Circuit Court,**
        **Defendant**
_____

**Michael John Star,**
        **Plaintiff**

v.                                                      Adv. Pro. No. 08-03082-DOT

**Commissioner of the Virginia Department**
**of  Social Services,**
        **Defendant**
_____

**MEMORANDUM OPINION**

On March 17, 2006, debtor Michael John Star, a/k/a/ Michael John McEvily, filed

his chapter 7 bankruptcy case. He received a discharge on March 5, 2007, and his case

was closed on March 12, 2007.

On May 1, 2007, debtor filed a motion for sanctions and for a restraining order

against one of his creditors. Debtor alleged the creditor had failed to comply with the

post-discharge injunction of § 524(a) of the Bankruptcy Code, 11 U.S.C. § 524(a). On

May 8, 2007, the court entered an order denying the motion. In that opinion, the court

noted that debtor "has not brought an adversary proceeding to determine the

dischargeability of this student loan debt. Therefore, the debt was not discharged by

debtor's chapter 7 case, and the creditor's attempts to collect the student loan debt post-

discharge do not violate the debtor's discharge."[1]

Apparently, debtor took this sentence from the court's order to mean that he

would be required to file a separate adversary proceeding against each of the creditors

listed in his bankruptcy papers in order to obtain a declaration from the court that each

debt had in fact been discharged. In a letter to the court filed on July 13, 2007, debtor

stated that it was his "intent to name every creditor in my previous listings."[2]

Subsequently, debtor began to do just that, and as of this date, he has initiated seventeen

---

[1] Generally, student loan debts are nondischargeable pursuant to § 523(a)(8).

[2] In a letter to the court filed on June 11, 2007, debtor requested that the court advise him "which of the debts that were listed as being discharged [in the discharge order] were actually discharged….If a debt is "discharged," does the debt still exist, regardless of the nature of the creditor? I do not want your office to give any advice, of which I fully recognize you cannot give." Despite debtor's recitation that he understood that the court was unable to provide legal advice to parties, he nonetheless requested advice from the court. The court did not respond to this inquiry, since it in fact is unable to provide legal advice to parties.

separate adversary proceedings to address the issue of dischargeability or validity of the debts listed in his bankruptcy petition.[3]

As a preliminary matter, however, the court notes that the discharge provisions of the Bankruptcy Code do not require affirmative action on the part of a debtor to determine which debts are discharged. Rather, discharge is automatic. Section 524 provides that:

**(a)** A discharge in a case under this title—

**(1)** voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;

**(2)** operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and

**(3)** operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523, 1228(a)(1), or 1328(a)(1), or that would be so excepted, determined in accordance with the provisions of sections 523(c) and 523(d) of this title, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived.

11 U.S.C. § 524(a).

---

[3] In researching this history of some of the adversary proceedings at issue here, the court has found that debtor has been placed on the "Three Strike List" maintained by the United States Court of Appeals for the Fourth Circuit. This list is maintained for all those subject to the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), and contains the names of all those individuals who have reached the statutory limit for filing or appealing civil actions without prepayment of the filing fee. Debtor was placed on the list because as of March 12, 2007, the Fourth Circuit found that debtor has had three prior cases dismissed as frivolous, malicious, or for failure to state a claim, thereby disqualifying him for the relief provided in the PLRA.

Section 523(a) lists the types of debts that are **not** discharged when the debtor receives a discharge. Again, this is an automatic provision requiring no action from debtor or creditor. The only instances in which action is required from a creditor to have a debt declared nondischargeable are listed in Section 523(c), which qualifies the list of § 523(a) by providing that debts listed in § 523(a)(2) (debts obtained by fraud, false pretenses, false financial statements; certain consumer credit debts), § 523(a)(4) (debts for fraud or defalcation in a fiduciary capacity), and § 523(a)(6) (debts arising from willful or malicious injury) are discharged unless a creditor requests a court determination that the debts are nondischargeable. No such adversary proceedings have been initiated by creditors in this case.[4]

Prior to addressing the individual adversary proceedings filed by debtor, the court, for purposes of efficiency, will address several issues that arise in more than one of the adversary proceedings filed by debtor.

1.  The court may not enter advisory opinions. The court notes that in filing the bulk of these adversary proceedings, debtor is seeking an advisory opinion from the court as to whether any action to collect the debt at issue would be barred in future. This is inappropriate. A federal court is prohibited by Article III of the United States Constitution from rendering advisory opinions and must not rule unless it has an actual justiciable case or controversy before it. *Benton v. Maryland*, 395 U.S. 784, 788, 89 S.Ct. 2056, 2059 (1969) (citing *Muskrat v. United States*, 219 U.S. 346. 31 S. Ct. 250 (1911)); *Flast v. Cohen*, 392 U.S. 83, 94-97, 88 S. Ct. 1948, 1951 (1968). What this means in this case is that if in the future a creditor seeks to collect a discharged debt, debtor is free to

---

[4] Of the sixteen adversary proceedings filed by debtor, one, *Star v. Rochester Institute of Technology,* Adv. Pro. No. 07-03126, has been closed by consent of the parties.

assert the discharge as a possible defense to the collection action. However, debtor may

not ask this court to opine as to what its ruling on dischargeability would be if a creditor

were to attempt collection in the future. In addition to being constitutionally

impermissible, for the court to do so without knowledge of whether a creditor intends to

pursue collection in the future would be an inefficient use of the court's time as well as

the time of both the creditor and debtor. Indeed, addressing debtor's multiple adversary

proceedings has already been a substantial drain on the court's resources.

Further, debtor must bear in mind the proper function of the court system. While

the court may give general information to facilitate a debtor's journey through the

bankruptcy process, the court exists primarily to adjudicate controversies and ensure the

orderly administration of justice. Here, to aid debtor by providing information in his

bankruptcy case, the court sent debtor a document entitled "Explanation of Bankruptcy

Discharge in a Chapter 7 Case" along with debtor's discharge order. The document

provides that "[t]he chapter 7 discharge order eliminates a debtor's legal obligation to

pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt

existed on the date the bankruptcy case was filed." It also outlines some of the common

types of debts that are not discharged in a chapter 7 bankruptcy case. This guidance is

given to debtors to enable them to ascertain their rights after discharge.

However, at the bottom of the "Explanation of Bankruptcy Discharge in a

Chapter 7 Case" document, there is a caveat: "This information is only a general

summary of the bankruptcy discharge. There are exceptions to these general rules.

Because the law is complicated, you may want to consult an attorney to determine the

exact effect of the discharge in this case." Debtor will note that the document does not

suggest that the debtor consult the court as to the effect of the law. Giving legal advice is the job of counsel.

2. <u>The federal defendants have not been served properly.</u>  Federal Rule of Civil Procedure 4(i), made applicable to this proceeding by Rule 7004 of the Federal Rules of Bankruptcy Procedure, requires service upon a governmental agency as follows:

> **(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.**
>
> **(1)** *United States.* To serve the United States, a party must:
>
> **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>
> **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> **(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
>
> **(2)** *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

In addition to the methods of service authorized by Rule (i), Rule 7004(b) of the Federal Rules of Bankruptcy Procedure provides alternate methods of service upon the United States or an officer of agency of the United States:

> **(4)** Upon the United States, by mailing a copy of the summons and complaint addressed to the civil process clerk at the office of the United States attorney for the district in which the action is brought and by mailing a copy of the summons and complaint to the Attorney General of the United States at

Washington, District of Columbia, and in any action attacking the validity of an order of an officer or an agency of the United States not made a party, by also mailing a copy of the summons and complaint to that officer or agency. The court shall allow a reasonable time for service pursuant to this subdivision for the purpose of curing the failure to mail a copy of the summons and complaint to multiple officers, agencies, or corporations of the United States if the plaintiff has mailed a copy of the summons and complaint either to the civil process clerk at the office of the United States attorney or to the Attorney General of the United States.

**(5)** Upon any officer or agency of the United States, by mailing a copy of the summons and complaint to the United States as prescribed in paragraph (4) of this subdivision and also to the officer or agency. If the agency is a corporation, the mailing shall be as prescribed in paragraph (3) of this subdivision of this rule. The court shall allow a reasonable time for service pursuant to this subdivision for the purpose of curing the failure to mail a copy of the summons and complaint to multiple officers, agencies, or corporations of the United States if the plaintiff has mailed a copy of the summons and complaint either to the civil process clerk at the office of the United States attorney or to the Attorney General of the United States. If the United States trustee is the trustee in the case and service is made upon the United States trustee solely as trustee, service may be made as prescribed in paragraph (10) of this subdivision of this rule.

Debtor has not properly served any of the adversary proceedings that name the United States or an agency of the United States.

3. <u>The court will abstain from ruling in cases that are more properly addressed in the state court system.</u>  28 U.S.C. § 1334(c) provides that a bankruptcy court may abstain from hearing a matter, core or non-core, if to do so is in the interest of comity with state courts or is necessary in order to maintain respect for state law. Accordingly, post-discharge, the court will not make rulings upon matters that involve the ownership of property. Neither will the court make rulings that will conflict with any prior ruling of the state courts relating to the subject matter of any of debtor's pending adversary proceedings.

The court will now address those issues that are ripe for decision in debtor's pending adversary proceedings:

**A.** *Star v.* **[United States]** *Department of Education*, Adv. Pro. No. 07-03124. In this proceeding, debtor asks the court to determine that a student loan debt is dischargeable as an undue hardship pursuant to 11 U.S.C. § 523(a)(8). He asserts that the statute of limitations for collection of the debt has expired and further that payment of the debt would be an extreme hardship because he is unemployed and does not foresee employment that will earn him more than the national poverty level..

On November 19, 2007, debtor filed a motion for default judgment. Subsequently, on December 13, 2007, the Department of Education, through Chuck Rosenberg, United States Attorney, represented to the court that it had been made aware of the complaint by means of a telephone call from the court and accordingly had filed an answer to the complaint. Further, as a defense to the complaint, the Department of Education asserted that it had not been properly served. Service was in fact improper and did not comply with the requirements of the Federal Rule or the Bankruptcy Rule discussed above.

The court agrees that debtor has failed to make proper service as required by Bankruptcy Rule 7004(b) or Rule 4(i) of the Federal Rules of Civil Procedure. The complaint is therefore subject to dismissal not only for failure to properly serve the United States but also because debtor has failed to make proper service within 120 days after the complaint was filed. Fed. R. Civ. P. 4(m) requires the court either to dismiss a complaint without prejudice if service has not been made within 120 days of filing or order service made within a specified period.

Rather than dismiss the debtor's nondischargeability complaint, the court will allow debtor a period of 21 days to obtain new summonses and serve the United States

and its agency in accordance with the rules set out above. If debtor fails to make proper service within this time, the complaint will be dismissed with prejudice.

     **B. *Star v. Virginia Department of Social Services***, Adv. Pro. No. 07-03125, and ***Star v. Commissioner of the Virginia Department of Social Services***, Adv. Pro. No. 08-03082. In Adv. Pro. No. 07-03125, filed against the Virginia Department of Social Services, debtor seeks to challenge the validity of the underlying debt. In particular, he argues that the debt at issue is invalid because he was never served a valid Child Support Order. However, in a motion to dismiss filed with the court on May 20, 2008, the Department of Social Services argued that the proper party to this complaint had not been named, pursuant to the provisions of Va. Code Ann § 8.01-300(3). In a response to the motion to dismiss filed by the Department of Social Services, debtor filed his own motion to dismiss the adversary proceeding, admitting that he had not served the proper party. Since the parties are in agreement, the court will allow dismissal of Adv. Pro. No. 07-03125.

     At the time he filed the motion to dismiss his complaint against the Department of Social Services in Adv. Pro. No. 07-03125, debtor also initiated a new adversary proceeding. That adversary proceeding, Adv. Pro. No. 08-03082, asserted exactly the same cause of action asserted in the previous proceeding against the Department of Social Services but instead named the Commissioner of the Virginia Department of Social Services as defendant. Because the issues raised against the Commissioner are identical to those raised against the Department of Social Services, the court will sua sponte consider the arguments asserted in the motion to dismiss filed by the Department of Social Services in Adv. Pro. No. 07-03125, the prior adversary proceeding.

To the extent that the complaint against the Commissioner requests a determination as to the validity of the debt at issue, the court finds that the issues raised by debtor have already been disposed of by the Virginia Court of Appeals on November 20, 2007. In *Star v. Commonwealth of Virginia, Department of Social Services*, Rec. No. 1764-07-4 (Va. Ct. App. Nov. 20, 2007), the Virginia Court of Appeals held that the issue of whether the underlying support order was valid, in light of the Virginia Department of Child Support Enforcement's alleged failure to serve debtor properly, had been resolved against debtor and was *res judicata*.[5] This court will not seek to intervene in the area of collection of child support when the state has already made its ruling. Under the *Rooker-Feldman* Doctrine, lower federal courts are precluded from "exercising appellate jurisdiction over final state-court judgments." *Adkins v. Rumsfeld*, 464 F.3d 456, 463 (4th Cir. 2006), cert. denied , 127 S.Ct. 2972, 168 L.Ed.2d 702 (June 18, 2007), quoting *Lance v. Dennis*, 546 U.S. 459, 463, 126 S. Ct. 1198, 1201 (2006) (per curiam).The issue is precluded by res judicata and the principles of comity. The court will abstain in this adversary proceeding, and the complaint against the Commissioner will be dismissed.

   **C. *Star v. West Virginia Department of Health and Human Services***, Adv. Pro. No. 07-03127. In this adversary proceeding, debtor seeks to challenge the validity of a debt to the West Virginia Department of Health and Human Services. In his complaint, debtor does not assert that the West Virginia Department of Health and Human Services is presently impermissibly attempting to collect a debt from him. Rather, he argues that

---

[5] The court takes judicial notice of the fact that the docket of the Virginia Court of Appeals indicates that no appeal was timely taken from that court's judgment, thus making it a final judgment.

the debt for child support is based upon an insufficient service of process and therefore should be found to have been discharged.[6]

In its answer to the complaint, the West Virginia Department of Health and Human Services outlines the basis of its claim against debtor and argues that the debt is in fact valid and nondischargeable and that the adversary proceeding should therefore be dismissed. Further, it argues that consideration of the issue is barred by the issue of *res judicata.* Each party has moved for summary judgment.

In this adversary proceeding, debtor argues that the debt at issue is invalid because he was never served a valid Child Support Order. However, this issue has already been addressed by the Virginia Court of Appeals. See the discussion of Adv. Pro. 07-03125 and Adv. Pro. No. 08-03082. The issue is precluded by *res judicata* and by principles of comity. The court will abstain in this adversary proceeding, the motion for summary judgment of the West Virginia Department of Health and Human Services will be granted, the motion for summary judgment of debtor will be denied, and the complaint will be dismissed.

**D. Star v. Virginia Department of Taxation**, Adv. Pro. No. 07-03128. In this adversary proceeding, debtor seeks a determination that the debt at issue is invalid. On May 14, 2008, the Department of Taxation filed an answer and response to debtor's motion for default judgment. In the response to the motion for default judgment, the Department of Taxation pointed out that service of the summons and complaint in this adversary proceeding was insufficient.

---

[6] Debtor again seems to confuse the concept of validity of a debt with the concept of discharge of a debt. Here, debtor has not pled any facts that would establish that the debt is dischargeable. In fact, the facts as pled show that the debt is for a domestic support obligation, which is not dischargeable. 11 U.S.C. § 523(a)(5).

On June 2, 2008, debtor filed a motion to dismiss this adversary proceeding, acknowledging that he had in fact not served the proper party. The parties agreeing to the dismissal of this adversary proceeding, it will be dismissed.

**E. Star v. [United States]** *Internal Revenue Service*, Adv. Pro. No. 07-03129. In this adversary proceeding, debtor seeks a determination that the debt at issue is invalid. However, there is no evidence that the Internal Revenue Service is attempting to collect this debt from him. Therefore, in the absence of an actual case or controversy, any ruling of the court would be a prohibited advisory opinion, and the complaint should be dismissed. In addition, debtor has not served the Internal Revenue Service in conformity with the requirements of Bankruptcy Rule 7004 and Federal Civil Procedure Rule 4. In light of the improper service and in the absence of an actual case or controversy, the complaint will be dismissed.

**F. Star v. Watson**, Adv. Pro. No. 07-03138. In this adversary proceeding, debtor seeks to have the court order the return to him of property allegedly held by the defendant. However, the chapter 7 trustee has issued a report of no distribution in this case, certifying that there were no assets to administer for the benefit of creditors. Therefore, this adversary proceeding does not concern property of the bankruptcy estate and does not constitute a core proceeding under 11 U.S. § 157 over which this court may exercise jurisdiction.

The trustee having concluded that there are no assets to administer for bankruptcy creditors, the ownership of remaining assets is a matter of state law. Accordingly, the court abstains from hearing this adversary proceeding, and the complaint will be dismissed

*G. Star v. Alexandria District Court* [**United States District Court, Eastern District of Virginia, Alexandria Division**], Adv. Pro. No. 07-03140. This adversary proceeding was filed alleging that amounts were improperly taken from him at the direction of the United States District Court for the Eastern District of Virginia, Alexandria Division,[7] after the issuance of debtor's discharge. Debtor argues that this was done in violation of the discharge injunction of 11 U.S.C. § 524.

In evaluating the complaint in this adversary proceeding, the court takes judicial notice of the District Court's docket entries in the case for which it allegedly collected amounts from debtor. In *McEvily v. Archstone-Smith Community Trust*, Civ. Action No. 1:06-cv-00572 (E.D. Va. April 30, 2007), Judge Brinkema ordered that because debtor did not list the filing fee as a debt in his bankruptcy schedules, debtor's request to discharge his remaining filing fee was denied. That determination is binding on this court.

Further, even if this court were to consider the issue *de novo*, the provisions of 11 U.S.C. § 523(a)(17) state that a discharge does not discharge an individual debtor from any debt "for a fee imposed on a prisoner by any court for the filing of a case, motion, complaint, or appeal, or for other costs and expenses assessed with respect to such filing, regardless of an assertion of poverty by the debtor under subsection (b) or (f)(2) of section 1915 of title 28 (or a similar non-Federal law), or the debtor's status as a prisoner, as defined in section 1915(h) of title 28 (or a similar non-Federal law)." This statutory provision, as applied to this adversary proceeding, precludes the discharge of the District

---

[7] The court interprets all of debtor's references to the "Alexandria District Court" to be references to the United States District Court for the Eastern District of Virginia, Alexandria Division. In this section of the memorandum opinion, the term "District Court" refers to the United States District Court for the Eastern District of Virginia, Alexandria Division.

Court's claim against debtor. Therefore, collection of this debt is not prohibited by the discharge injunction.

The collections at issue in this case occurred after the issuance of debtor's discharge. Since collection of the debt is not barred by the discharge injunction, the District Court was free to seek payment from debtor. Therefore, this court will not order the District Court to refrain from collecting the debt at issue, and this adversary proceeding will be dismissed.

The court also notes that the Federal Rules of Bankruptcy Procedure require that service upon the United States, its agencies, officers or employees be effected by service to the agency or entity in question, to the United States Attorney for the district in which the complaint is brought, and to the United States Attorney General. Fed. R. Civ. P. 4, made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7004. Debtor's certificate of service indicates that the complaint was served upon the "Alexandria District Court" only. Therefore, service was improper, and the complaint must also be dismissed for lack of jurisdiction.

*H. Star v.* **[United States]** *Fourth Circuit Court of Appeals*, Adv. Pro. No. 08-03030. In his one page complaint filed on March 10, 2008, against the "Fourth Circuit Court of Appeals" [United States Court of Appeals for the Fourth Circuit], debtor seeks to recover the amount of $32.00 that he alleges the court of appeals improperly seized from him for payment of invalid fees; according to the complaint, these fees were discharged in bankruptcy. Subsequently, on March 20, 2008, debtor filed a motion for an "immediate injunction" in the main case file. This motion alleged that the court of appeals had removed funds from  his account in violation of the automatic stay. On April

8, 2008, this court entered an order denying the motion for injunction as there was no basis for an injunction. Moreover, it appeared the debt was a fee imposed on a prisoner of the type that is nondischargeable pursuant to 11 U.S.C. § 523(a)(17). The debtor subsequently filed a motion for reconsideration, which will be denied, as will any pending motion for injunctive relief in this adversary proceeding.

The court of appeals has not filed a response to the complaint. However, it does not appear from the record that debtor has made proper service on the United States and the court of appeals in accordance with the applicable Federal and Bankruptcy rules of procedure set out previously. Because debtor has not served this adversary proceeding properly, the court will allow debtor an additional 21 days to make proper service. If debtor claims that the court of appeals willfully violated the automatic stay during the pendency of his bankruptcy case, then he must amend his complaint to make proper allegations.

*J. Star v. Roanoke District Court* **[United States District Court, Western District of Virginia, Roanoke Division]**, Adv. Pro. 07-03139. This adversary proceeding was filed alleging that amounts were improperly removed from debtor's account at the direction of the United States District Court for the Western District of Virginia, Roanoke Division,[8] after the issuance of debtor's discharge. Debtor's argument essentially is that this was done in violation of the discharge injunction of 11 U.S.C. § 524.

---

[8] The court interprets all debtor's references to the "Roanoke District Court" to be references to the United States District Court for the Western District of Virginia, Roanoke Division. In this section of the memorandum opinion, the term "District Court" refers to the United States District Court for the Western District of Virginia, Roanoke Division.

In evaluating the complaint in this adversary proceeding, the court takes judicial notice of the District Court's docket entries in the case for which it allegedly collected amounts from debtor. In *McEvily v. Saunders*, Civ. Action No. 7:02-cv-00112-sgw-mfu (W.D. Va. July 29, 2004), Judge Wilson ordered that "McEvily is **SANCTIONED** in the amount of $2,000.00 pursuant to Federal Rule of Civil Procedure 11 for relitigating issues and claims that are barred by *res judicata* and are frivolous and malicious, and he is **DIRECTED** to submit a payment of $2,000 to the Clerk of the Court, United States District Court for the Western District of Virginia." This is in the nature of a fine or penalty payable to a governmental unit. It is not compensation for actual pecuniary loss. Therefore, this debt is not dischargeable under the provisions of 11 U.S.C. § 523(a)(7), and its collection is not prohibited by the discharge injunction of § 524.

In addition, the collections at issue in this case occurred after the issuance of debtor's discharge, and collection of the debt not being barred by the discharge injunction, the defendant was free to seek payment from debtor. Therefore, the court will not order the District Court to refrain from collecting the debt at issue, and this adversary proceeding will be dismissed.

Further, the court notes that service was improper, and the complaint must also be dismissed for that reason.

**K. Star v. Prince William County Circuit Court**, Adv. Pro. No. 08-03031, and **Star v. Fairfax County Circuit Court et al.**, Adv. Pro. No. 08-03033.In these adversary proceedings, debtor seeks a determination that debts to the Prince William and Fairfax County (Virginia) Circuit Courts are invalid or discharged. Neither Circuit Court has filed an answer to the complaint, and debtor has moved for the entry of default

judgments. However, the relief requested by debtor in these adversary proceedings is in the nature of a request for an advisory opinion, and the court will not issue advisory opinions in the absence of an actual case or controversy. The adversary proceedings will therefore be dismissed.

**L. *Star v. Virginia Court of Appeals***, Adv. Pro. No. 08-03032.  In this adversary proceeding, debtor seeks a determination that a debt to the Virginia Court of Appeals is invalid or discharged. The Virginia Court of Appeals has filed a motion to dismiss this adversary proceeding, arguing that it is not a creditor of debtor or his bankruptcy estate. The Court of Appeals denies that it is seeking to collect any amounts assessed against debtor as a result of an order assessing court costs and fees for the use of a public defender in an earlier criminal trial. It argues that those fees were assessed by the Virginia Court of Appeals pursuant to Va. Code § 19.2-326, which requires that they be assessed when a criminal defendant is represented by a court-appointed attorney and the conviction is upheld upon appeal.  The answer further points out that the responsibility for the collection of such sums is assigned to the Commonwealth Attorney, pursuant to Va. Code Ann. § 19.2-349. In the absence of an actual controversy between the parties, the motion to dismiss filed by the Virginia Court of Appeals will be granted.

Debtor has filed a motion to amend the name of the adversary proceeding to include the Office of the Attorney General for the Commonwealth of Virginia. Debtor argues that this is the most efficient way to rectify his naming the improper party, arguing that filing a new adversary proceeding would require service of new summonses. Debtor is erroneous in his belief as to when a summons is required, since adding a new party to a proceeding also requires full notice to the new party in order to satisfy the

requirements of due process. Therefore, the court will deny the motion to amend the name of the adversary proceeding.

*M*. Debtor has moved for reconsideration of the court's order entered in his case on April 8, 2008, denying an immediate injunction. However, debtor has not set forth a valid reason for the court to reconsider, and the motion to reconsider will be denied.

*N*. The court has previously noted that addressing the numerous, mostly meritless and frivolous, complaints filed by debtor has been a drain upon the court's resources. Accordingly, and in light of debtor's inclusion on the "Three Strike List" maintained by the United States Court of Appeals for the Fourth Circuit, this court will prohibit debtor from filing any new adversary proceedings in this case unless this court issues an order authorizing such filings. Debtor may seek prior authorization by letter to the court stating in clear and concise terms the wrong alleged and the reasons for which relief is sought.

A separate order will be issued.

Signed _____

_____/s/ Douglas O. Tice Jr._____
Chief Judge
United States Bankruptcy Court
Eastern District of Virginia

Copies:

Michael John Star
CWCC #339637
P. O. Box 500
Mitchells, VA 22729

United States Department of Education
830 First Street, N.E.
Washington, DC 20202

Robert P. McIntosh, Esq.,
U.S. Attorney's Office
600 East Main St., Suite 1800
Richmond, VA 23219
Attorney for the Department of Education

Virginia Department of Social Services,
Division of Child Support Enforcement
24 Rickets Drive
Winchester, VA 22601

Craig M. Burshem, Esq.,
Virginia Office of the Attorney General
900 East Main St., 4th Floor
Richmond, VA 23219
Attorney for Virginia Department of Social Services

West Virginia Department of Health and Human Service,
Bureau of Child Support Enforcement
350 Capitol Street, Room 147
Charleston, WV 25301

Dee-Ann Burdette, Esq.,
Assistant General Counsel
Bureau for Child Support Enforcement
350 Capitol Street, Room 147
Charleston, WV 25301
Attorney for W. Va. Bureau of Child Support Enforcement

Virginia Department of Taxation
P. O. Box 1115
Richmond, VA 23218

Mark K. Ames, Esq.,
Taxing Authority Consulting Services PC
2812 Emerywood Parkway, Suite 220
Richmond, VA 23294
Attorney for Va. Department of Taxation

U.S. Internal Revenue Service
1111 Constitution Avenue
Washington, DC 20224

W. Todd Watson
11545 Nuckols Road, Suite C
Glen Allen, VA 23059

Aga Honorkiewicz
11545 Nuckols Road, Suite C
Glen Allen, VA 23059

W. Todd Watson, Esq.
Hargett & Watson, PLC
11545 Nuckols Road, Suite C
Glen Allen, VA 23059
Attorney for W. Todd Watson and Aga Honorkiewicz

Clerk,
United States District Court
Western District of Virginia
210 Franklin Street, S.W.
Roanoke, VA 24011

Clerk,
United States District Court
Eastern District of Virginia
401 Courthouse Square
Alexandria, VA 22314

Clerk,
United States Court of Appeals for the Fourth Circuit
1100 East Main Street
Richmond, VA 23219

Clerk,
Prince William County Circuit Court
9311 Lee Avenue
Manassas, VA 20110

Clerk,
Virginia Court of Appeals
109 North Eighth Street
Richmond, VA 23219

Christina Nicole Gilliam, Esq.,
Office of the Attorney General
900 East Main Street
Richmond, VA 23219
Attorney for Virginia Court of Appeals

Clerk,
Fairfax County Circuit Court
4110 Chain Bridge Road

Fairfax, VA 22030

Clerk,
Fairfax General District Court
4110 Chain Bridge Road
Fairfax, VA

Clerk,
Fairfax JDR Court
4110 Chain Bridge Road
Fairfax, VA 22030

Office of the United States Attorney
Eastern District of Virginia
Attention: Chuck Rosenberg
2100 Jamieson Ave
Alexandria, VA 22314

Office of the United States Attorney
Eastern District of Virginia
Main Street Centre
600 E. Main Street, Suite 1800
Richmond, VA 23219